IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| AMIT KOBROWSKI and ROBIN KOBROWSKI, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 180360G |
| v. | ) ) | |
| DEPARTMENT OF REVENUE, State of Oregon, | ) ) ) ) | |
| Defendant. | ) | **DECISION** |

This case concerns the deductibility of a high school social studies teacher's tuition expenses for coursework leading to an advanced degree in international relations. The tax year at issue is 2015. At trial, Plaintiff Amit Kobrowski (Mr. Kobrowski) appeared on behalf of Plaintiffs, and Nika Shadrin, auditor, appeared on behalf of Defendant. Plaintiffs' exhibits 1 to 11 and Defendant's exhibits A to D were admitted.

## I. STATEMENT OF FACTS

Mr. Kobrowski was a high school social studies teacher for 25 years. In that position, he taught a course entitled 20th Century World History as part of the Beaverton School District's International Baccalaureate program. The International Baccalaureate program gives high school students an opportunity to earn college credit by completing a regimen of advanced courses in literature, language, science, mathematics, and history. Mr. Kobrowski's course covered international history and politics of the 20th century, providing a broad background and introducing more specialized topics such as the Treaty of Versailles, the League of Nations, and the United Nations. Subsequent to the tax year at issue, Mr. Kobrowski began working for the

/ / /

State of Oregon as a social studies specialist, working with social studies teachers to help improve student outcomes.

While teaching, Mr. Kobrowski completed an online graduate program at American University, earning the degree of Master of Arts in International Relations (MAIR). Before beginning that coursework, he already held the degree of Master of Science with a specialty in social studies education. The MAIR courses chosen by Mr. Kobrowski provided a detailed knowledge of world politics with a focus on international diplomacy, including treaty law and international organizations. Mr. Kobrowski testified that an MAIR degree is dissimilar from degrees that immediately prepare their recipients for careers, such as the Master of Business Administration or the Juris Doctorate. In a letter to the court, he wrote: "While there may be entry-level positions available for young professionals with an MAIR degree, I know of no organization or employer outside of education looking to hire a lifelong teacher with no business experience and an MAIR for a position that could match my current salary as a veteran teacher." (Ex 2 at 1.) Mr. Kobrowski testifed that an entry-level job for the holder of an MAIR might be in international diplomacy, a career for which few jobs are available in Oregon.

Mr. Kobrowski testified that he took the MAIR courses to improve his teaching skills, and that in his judgment his ability to help his students understand the subject matter of his course improved as a result. In addition, he testified that his students' test scores improved over the years 2015 to 2017, the period after he completed the courses for the degree.

Beaverton School District's general policy was to reimburse its full-time teachers for up to eight semester hours of college tuition during a three-year period. (Ex D at 1–2.) In cases where the school district required employees to obtain a new licensure or endorsement, its policy was to pay the full tuition after exhausting the employee's other tuition reimbursement

entitlement. (*Id*. at 2.) Beaverton School District did not require Mr. Kobrowski to obtain an MAIR degree. Mr. Kobrowski applied for and received reimbursement from Beaverton School District for eight semester hours of tuition at American University. (Ex D at 3–6.)

Plaintiffs claimed a deduction for the remainder of Mr. Kobrowski's tuition—$21,941— as unreimbursed employee expenses on their 2015 tax return. (Ex A at 3.) Defendant disallowed that deduction. Plaintiffs now ask the court to reverse Defendant's adjustment, together with related penalties and interest, and to award them their filing fee. Defendant asks the court to uphold its deficiency assessment.

## II. ANALYSIS

At issue is whether tuition expenses for coursework leading to Mr. Kobrowski's MAIR are deductible as work-related education expenses under Internal Revenue Code (IRC) § 162 and Treasury Regulation § 1.162–5. To obtain the relief they seek, Plaintiffs must prove all necessary facts by a preponderance of the evidence. *See* ORS 305.427.[1]

Oregon imposes its personal income tax on the taxable income of its residents and, subject to modifications not pertinent here, adopts the definition of "taxable income" found in IRC section 63 and its related Treasury regulations. ORS 316.037(1)(a); 316.022(6); 316.032(3); 316.012(2). Thus, taxable income means gross income minus allowable deductions. IRC § 63(a).

While the cost of education is often a personal expense for which no deduction is allowed, expenses for certain kinds of education are deductible under IRC section 162(a) as ordinary and necessary business expenses. Treas. Reg. § 1.162–5(a). To qualify for a deduction,

/ / /

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

the education must meet at least one of two positive criteria and must not meet either of two negative criteria. The court will consider each set of criteria separately.

A.    *Positive Criteria*

To satisfy the positive criteria, the education must either

"(1) Maintain[] or improve[] skills required by the individual in his employment or other trade or business, *or*

"(2) Meet[] the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation."

Treas. Reg. § 1.162–5(a) (emphasis added). It is important to note the disjunctive *or*. At trial, Defendant rested its entire case on Plaintiffs' admission that Mr. Kobrowski's MAIR studies were not required by the Beaverton School District. However, that fact is not dispositive if the MAIR studies maintained or improved skills Mr. Kobrowski required as a teacher.

Education maintains or improves skills required in employment when the skills improved bear a "proximate and direct relationship to the taxpayer's trade or business." *Love Box Co., Inc. v. Comm'r*, 842 F2d 1213, 1216–17 (10th Cir 1988) (quoting *Carroll v. Commissioner*, 51 TC 213, 218 (1968), *aff'd*, 418 F2d 91, 95 (7th Cir 1969)). "A precise correlation is not necessary," so long as the education "enhances existing employment skills." *Boser v. Commissioner*, 77 TC 1124, 1131 (1981), as amended (June 18, 1982), *aff'd* (Dec 22, 1983). But improvement of general skills is not enough. *Love Box*, 842 F2d at 1216. Thus, general coursework leading to a Bachelor of Arts in business administration was not directly related to employment as a manager, even though beneficial to the company. *Anaheim Paper Mill Supplies, Inc. v. Commissioner*, 37 TCM (CCH) 403 (1978). Likewise, the study of English literature was not directly related to the

/ / /

oral and written advocacy skills required by an appellate attorney. *McAuliffe v. Commissioner*, 40 TCM (CCH) 420 (1980).

Nevertheless, in the case of teachers, general education may directly relate to their employment if it is within their subject areas. Thus, courses in anthropology, language and culture, and linguistics generated an allowable deduction for a teacher of language and social studies in a high school. *Ford v. Comm'r*, 56 TC 1300, 1304 (1971), *aff'd*, 487 F2d 1025 (9th Cir 1973). Similarly, a junior high school social studies teacher was allowed a deduction for expenses related to her pursuit of a Master of Arts degree in history. *Furner v. Comm'r*, 393 F2d 292, 293 (7th Cir 1968). However, the expenses of a cultural seminar in Hawaii were not deductible to science teachers. *Takahashi v. Commissioner*, 87 TC 126, 131 (1986). That seminar, which "lasted from one to six hours each day and consisted of classroom instruction as well as tours of Polynesian cultural attractions and visits to the homes of local natives[,]" was "not sufficiently germane to the teaching of science." *Id*. at 128, 131.

In this case, Mr. Kobrowski's MAIR coursework was germane to his teaching. Given his subject area of 20th century world history, the historical and legal framework provided by the MAIR courses was particularly well-adapted to his teaching. That connection was even closer in the case of the specific historical treaties and international organizations which Mr. Kobrowski studied for his MAIR and also taught in his own course. In addition, the improvement in his students' test scores subsequent to completing the degree further supports a finding that the coursework improved skills he required as a social studies teacher. Mr. Kobrowski's MAIR coursework satisfied the positive criteria found in Treasury Regulation section 1.162–5(a).

/ / /

/ / /

B.    *Negative Criteria*

Even though education is directly related to employment skills, it will not generate a deduction if either one of the following is true:

> (1)     It is required of the taxpayer "in order to meet the minimum educational requirements for qualification in his employment or other trade or business." Treas. Reg. § 1.162–5(b)(2).
>
> (2)     It is part of a program of study being pursued by the taxpayer "which will lead to qualifying him in a new trade or business." Treas. Reg. § 1.162–5(b)(3)(i).

In this case, Defendant has raised no issue as to the first negative criterion. Indeed, the evidence is clear that the MAIR coursework was not required of Mr. Kobrowski to meet the minimum educational requirements for his employment as a social studies teacher: when Mr. Kobrowski enrolled at American University, he already held a Master of Science in education and had over 20 years' classroom experience.

Although Defendant raised an issue as to the second negative criterion in its administrative ruling, it did not pursue that issue at trial. In its Written Objection Determination, Defendant wrote that Mr. Kobrowski's degree qualified him for new positions, stating that "an MBA opens the door to a vast arena of career opportunities." Apparently, there was some confusion as to the nature of the coursework pursued by Mr. Kobrowski. It is therefore unclear whether Defendant still contests whether the MAIR coursework avoided the second negative criterion.

Nevertheless, some evidence relating to that negative criterion was presented at trial. Mr. Kobrowski credibly testified that an MAIR does not open up a "vast arena" of opportunities in Oregon, although he admitted that it might qualify a young professional for an entry-level position in international diplomacy.

The possibility of launching a career with an MAIR need not exclude a deduction. The regulations explicitly allow deductions for qualifying education "even though the education may lead to a degree." Treas Reg § 1.162–5(a). However, a degree—often enough, any degree—is a prerequisite for many entry-level positions. In a sense, then, any degree qualifies a person to start a new career. But if that sort of foundational qualification were to exclude deductions even for taxpayers who already held degrees, deductions for degree programs could never be allowed—a result that would contradict subsection (a).

Instead, the preexisting qualifications of the taxpayer must be considered. Courts look to whether "the types of tasks and activities which the taxpayer was qualified to perform before the acquisition of a particular title or degree" differ from those the taxpayer was qualified to perform afterwards. *Glenn v. Commissioner*, 62 TC 270, 275 (1974) (holding expenses to prepare public accountant for CPA exam not deductible).

Here, the evidence that the MAIR qualified Mr. Kobrowski for a diplomatic career is tenuous; it consists entirely of his admission that it "might" so qualify a new graduate with no other experience. Nothing in evidence shows that an MAIR opened up entry-level positions in diplomacy that would be denied to others with advanced degrees in social studies. The MAIR was a broad-based liberal arts degree; no evidence before the court shows any specific new tasks or activities that Mr. Kobrowski's MAIR studies left him qualified to perform.

Mr. Kobrowski later found employment as a social studies specialist, helping social studies teachers improve their teaching. It is doubtful whether the MAIR qualified him for that new role. Even if it did, however, Mr. Kobrowski's new role was not a "new trade or business" for him because it was closely related to teaching. Teaching is singled out for special treatment by section 1.162–5(b)(3) of the Treasury Regulations, which states that "all teaching and related

duties shall be considered to involve the same general type of work." For example, a classroom teacher who becomes a guidance counselor or even a principal has not changed to a new trade or business. Treas Reg § 1.162–5(b)(3)(i). On the evidence before the court, Mr. Kobrowski's move from social studies teaching to social studies specialist was akin to a move from classroom teacher to principal.

Because Mr. Kobrowski's MAIR did not qualify him to teach or to enter into any other trade or business, his coursework avoided both the negative criteria found in Treasury Regulation section 1.162–5(b).

### III. CONCLUSION

The evidence shows that Mr. Kobrowski's MAIR coursework was proximately and directly related to his employment as a teacher of 20th Century world history and that it did not qualify him for a new trade or business. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is granted.

IT IS FURTHER DECIDED that Defendant shall pay Plaintiffs' costs and disbursements in the amount of their $265 filing fee.

Dated this ____ day of July, 2019.

POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Poul F. Lundgren and entered on July 10, 2019.*